**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER GLENN BELL,

Defendant-Appellant.

No. 23-4084

D.C. No.
2:18-cr-00476-MWF-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted July 12, 2024**
Seattle, Washington

Before: McKEOWN, CLIFTON, and DE ALBA, Circuit Judges.

Christopher Glenn Bell appeals his 12-month sentence for violating

conditions of his supervised release. We have jurisdiction pursuant to 28 U.S.C.

§ 1291. We affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bell argues that the district court procedurally erred by basing his sentence on "clearly erroneous facts," specifically the district court's "misapprehension" of Bureau of Prisons ("BOP") policy governing the type of facility where Bell would serve his sentence. He contends that the district court's sentence "contradict[ed] the BOP's policy about inmate designation and [rehabilitation] program offerings," which is plain error, "especially in light of defense counsel's specific request for a sentence of more than 12 months to ensure a transfer to a BOP facility." When a defendant does not object to a district court's sentencing explanation, as is the case here, this court reviews for plain error. *United States v. Perez*, 962 F.3d 420, 454 (9th Cir. 2020). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008) (internal quotation marks omitted).

Bell cannot satisfy the first prong of plain error review—that the district court erred—because his procedural error argument is unsupported by the record. At no point did the district court discuss, much less rely on, BOP policy in determining Bell's sentence. Even assuming the district court erred, the error was not plain. "An error is plain if it is clear or obvious under current law." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003). Bell cites no authority providing that a district court must consider BOP policy during sentencing and that failure to do so (or a mistaken understanding of a particular policy) constitutes

procedural error. Accordingly, we conclude there was no plain error.

**AFFIRMED.**